Robert B. Carey (SBN 011186)
E. Tory Beardsley (SBN 031926)
HAGENS BERMAN SOBOL
SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
Facsimile: 602.840.3012
rob@hbsslaw.com
toryb@hbsslaw.com

*Attorneys for Plaintiffs*

Laura Sixkiller (SBN 022014)
DLA PIPER (US)
2525 East Camelback Rd., Ste. 1000
Phoenix, Arizona 85016-4232
Telephone: 480.606.5100
Facsimile: 480.606.5101
Laura.sixkiller@us.dlapiper.com

*Attorneys for Defendant*
*The American Insurance Company*

Dan Millea (*pro hac vice*)
Gabrielle Siskind (*pro hac vice*)
ZELLE LLP
500 Washington Avenue S., Ste. 4000
Minneapolis, MN 55415
Telephone: 612.336.9170
Facsimile: 612.336.9100
Dmillea@zelle.com
gsiskind@zelle.com

John D. Curtis II (SBN 19726)
BURCH & CRACCHIOLO
1850 N. Central Avenue, Ste. 1700
Phoenix, Arizona 85004
Telephone: 602.274.7611
Facsimile: 602.234.0341
jcurtis@bcattorneys.com

*Attorneys for Defendant*
*Greenwich Insurance Company*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Team 44 Restaurants, LLC; Dominick's Italian Steakhouse LLC; Ocean 44 Scottsdale, LLC; Arcadia Steakhouse LLC DBA Steak 44; Steak 48 Chicago LLC; Steak 48 River Oaks, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>The American Insurance Company; Greenwich Insurance Company,<br><br>Defendants. | No. 2:21-cv-00404-PHX-DJH<br><br>JOINT CASE MANAGEMENT REPORT |

Pursuant to the Court's April 26, 2021 Order Setting Rule 16 Case Management Conference (Dkt. 22), the parties submit this Joint Case Management Report and lodge herewith a proposed Rule 16 Case Management Order.

**A.     Parties Who Attended the Rule 26(f) Meeting and Assisted in Developing the Joint Case Management Report.**

| Party | Counsel |
|---|---|
| Plaintiffs | Robert B. Carey—Hagens Berman Sobol Shapiro LLP<br>E. Tory Beardsley—Hagens Berman Sobol Shapiro LLP |
| Defendant The American Insurance Company | Laura Sixkiller—DLA Piper LLP (US) |
| Defendant Greenwich Insurance Company | Dan Millea (admitted *pro hac vice*)—Zelle LLP<br>Gabrielle Siskind (admitted *pro hac vice*)—Zelle LLP<br>Jake Curtis—Burch & Cracchiolo |

**B.     Joint Case Management Report.**

**1.     A list of the parties in the case, including any parent corporations (for recusal purposes):**

The Plaintiffs in this action are: Team 44 Restaurants, LLC; Dominick's Italian Steakhouse LLC; Ocean 44 Scottsdale, LLC; Arcadia Steakhouse LLC DBA Steak 44; Steak 48 Chicago LLC; and Steak 48 River Oaks, LLC.

The Defendants in this action are:

- The American Insurance Company, which is a wholly owned subsidiary of Allianz Global Risks US Insurance Company ("AGR US"). Allianz of America, Inc. is the parent corporation for AGR US and owns 80% of its voting stock. The remaining 20% of voting stock is owned by AGCS International Holdings BV. Each of Allianz of America, Inc. and AGCS International Holdings BV are wholly owned indirect subsidiaries of Allianz SE, a publicly traded company.

- Greenwich Insurance Company, which is a direct subsidiary of XL Reinsurance America, Inc., and is an indirect subsidiary of X.L. America, Inc., XL Financial Holdings (Ireland) Limited, XL Bermuda Ltd, EXEL Holdings Limited, XLIT

Ltd., XL Group Ltd, and AXA SA. The ultimate indirect parent of Greenwich Insurance Company is AXA SA, a company domiciled in France.

**2.     A short statement of the nature of the case (3 pages or less), including a description of each claim and each affirmative defense, and identifying the factual and legal issues genuinely in dispute**:

<u>Plaintiffs' Statement</u>: Plaintiffs own and operate the popular chain of Steak 44 restaurants in Arizona, Illinois, and Texas. Like many small business owners—especially in the restaurant industry—Plaintiffs' businesses suffered incredible shocks from the wave of government restrictions enacted in response to the SARS-CoV-2 viral pandemic ("COVID-19"). These restrictions expressly limited the physical use of and access to Plaintiffs' property, resulting in the immediate loss of income for Plaintiffs. Prior to the pandemic, Plaintiffs had purchased business interruption insurance from Defendants to protect against these sorts of unanticipated losses. Plaintiffs dutifully paid premiums, year after year—to the tune of hundreds of thousands of dollars per year—so that when the unimaginable hit, they would be protected. Plaintiffs purchased "all risks" policies that cover every one of those unimaginable risks unless the policy exclusions remove that risk from coverage. Nothing in Plaintiffs' policies excludes government restrictions on the physical use of Plaintiffs' insured property from coverage. Nevertheless, Defendants failed to affirm coverage and indemnify Plaintiffs for the "actual loss of Business Income" they suffered. This lawsuit followed. Defendants' Motions to Dismiss argue that Plaintiffs fail to state any viable claims and should be dismissed under Rule 12(b)(6). Defendants primarily challenge whether Plaintiffs suffered a "direct physical loss" under the policies. But Defendants chose not to define that term in the policies they drafted, and under the ordinary meaning of the policy language, Plaintiffs' losses unambiguously qualify for coverage.

<u>Defendants' Statement</u>:   Plaintiffs own and operate fine dining restaurants in Arizona, Texas, and Illinois. Plaintiffs allege that they suffered losses of income due to COVID-19 and government shelter-in-place orders that required Plaintiffs to curtail service

2

at their restaurants either to take-out only or limited capacity on-premises dining. The Complaint asserts two causes of action:

1. **Breach of the Duty to Pay a Covered Insurance Claim**: Plaintiffs allege that Defendants breached the commercial property insurance policy by denying coverage for economic loss due to COVID-19.

2. **Declaratory Relief**: Plaintiffs seek a declaration (1) of rights under Defendants' respective policy language and a declaration of rights and liabilities of the parties herein; (2) that the Court has the power to declare the rights of the parties herein; (3) that Defendants' respective policies cover Business Income and Extra Expense during the period of restoration caused by or resulting from governmental action that forced Plaintiffs to suspend operations.

Defendants deny that Plaintiffs are entitled to any relief and contend that Plaintiffs do not state a claim upon which relief may be granted. To establish coverage, Plaintiffs will have to prove, among other elements, direct physical loss or damage to property, which Plaintiffs cannot do. Further, any loss of income by Plaintiffs was due to prophylactic government shutdown orders rather than a prohibition of access due to the direct physical loss of or damage to nearby property. Additionally, the Greenwich Policy includes a virus exclusion that precludes coverage for Plaintiffs' alleged losses.

Both Defendants have moved to dismiss the entire lawsuit with prejudice and incorporate the motions and reply briefs (Docs. 11-13, 28, 29) herein by reference. Because these motions remain pending, Defendants have not yet identified all of the disputed issues of fact or law or their respective affirmative defenses.

**3.    The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific statutes, if any:**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**4.    Parties which have not yet been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared, including fictitious parties**:

Plaintiffs have already included and served all defendants that, to the best of Plaintiffs' knowledge and following a reasonable investigation, should be included in this action. Defendants have appeared and filed separate Motions to Dismiss (Docs. 11-13), which have been fully briefed by all parties.

**5.     A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60 days from the issuance of the Rule 16 Scheduling Order):**

The parties do not anticipate adding any additional parties at this time. Defendants have not answered and may not have to answer, depending upon the outcome of the Motions to Dismiss. Defendants ask to have the time allowed by Federal Rule of Civil Procedure 15(a)(1)(A) to amend their answer as a matter of course should that need ever arise.

**6.     A list of contemplated motions and a statement of the issues to be decided by these motions:**

Plaintiffs Statement: The parties have briefed the Defendants' Motions to Dismiss, which are currently pending before the Court. Despite Defendants' statements to the contrary below, rulings are split on similar motions across the country, as demonstrated by Plaintiffs' Response. Dkt. 25.

Plaintiffs intend to move for summary judgment on whether Plaintiffs' loss of use of and access to their property at the covered premises is covered under the Policies, including whether it constitutes a non-excluded "direct physical loss" of or damage to property, the central legal issue in this case and subject of Plaintiff's First Claim for Relief (Declaratory Judgment against All Defendants). Plaintiffs intend to move for summary judgment on this issue as soon as practicable and believe early resolution of this question will simplify this case.

Defendants' Statement: Defendants' respective Motions to Dismiss (Docs. 11-13) remain pending before the Court. Hundreds of similar motions to dismiss have been granted throughout the U.S. under nearly identical circumstances. In the event Defendants'

Motions are not granted with prejudice in their entirety, Defendants anticipate filing separate Motions for Summary Judgment on the bases that Plaintiffs cannot establish either of their claims as a matter of law because there is no coverage under the Defendants' respective policies. In particular, Defendants expect their motions for summary judgment to raise the same legal issues presented in the Motions to Dismiss, including that Plaintiffs have not and cannot establish a non-excluded "direct physical loss or damage" as required for coverage. (Docs. 11-13). Defendants further anticipate moving for summary judgment on the issue of the cause of Plaintiffs' loss of income as it was indisputably due to prophylactic government shutdown orders, which is not within coverage. Greenwich also anticipates moving for summary judgment on the basis that its virus exclusion indisputably precludes coverage for Plaintiffs' alleged losses.

**7. Whether the parties will consent to the assignment of this action to a United States Magistrate in accordance with 28 U.S.C. § 636(c):**

The parties do not consent to the assignment of this action to a United States Magistrate Judge.

**8. The status of related cases pending before other courts or other judges of this Court:**

To the best of the parties' knowledge, there are no related cases pending before other courts or other judges of this Court.

**9. A statement of when the parties exchanged or will exchange Fed. R. Civ. P. 26(a) Initial Disclosures:**

The Parties will exchange Fed. R. Civ. P. 26(a) Initial Disclosures by August 19, 2021, as provided below.

**10. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced:**

The Parties agree that the production of electronically stored information (ESI) will be necessary in the litigation of this action. The parties do not anticipate any issues relating

5

to the disclosure or discovery of ESI. The parties plan to meet and confer and establish a stipulated ESI protocol to be approved by the Court.

**11.   A discussion of any issues relating to claims of privilege or work product:**

The parties plan to meet and confer to establish a stipulated proposed protective order to be approved by the Court. The proposed order will address, among other things, claw-back procedures and the protocols to be followed in withholding documents subject to privilege, work product, or any other protections provided by the Federal Rules of Civil Procedure. In advance of that, the parties respectfully ask that the Court's Case Management Order include a Federal Rule of Evidence 502(d) Non-Waiver Order, stating as follows:

> **Federal Rule of Evidence 502(d) Non-Waiver Order**. The Court orders that a communication or information covered by the attorney-client privilege or work-product protection that is disclosed in connection with the litigation pending before the Court does not waive the privilege or protection in this or any other federal or state proceeding. This provision does not require any party agreement, and it avoids the need to litigate whether an inadvertent production was reasonable. By reducing the risk of waiver, this Order affords parties the opportunity to reduce the cost of discovery by reducing preproduction privilege review.

**12.   A discussion of necessary discovery, including:**

   **a. The extent, nature, and location of discovery anticipated by the parties**

<u>Plaintiffs' Statement</u>: Plaintiffs propose that discovery open immediately following the Rule 16 conference. Further, it is Plaintiffs' position that Defendants should produce all policy documents immediately following the conference. Plaintiffs also intend to seek all product-related documents such as advertisements, informational pamphlets provided to consumers, information given to insurance brokers regarding the Policies, etc. These documents should be produced 30 days after service of the relevant requests for production. Plaintiffs reserve all rights to seek additional discovery as the case develops.

Defendants' Statement: Defendants propose that discovery be stayed until the Court rules on Defendants' Motions to Dismiss, as further outlined below. Defendants anticipate serving written discovery comprised of requests for production, interrogatories, and requests for admission. In addition to the written discovery requests to Plaintiffs, Defendants anticipate serving third-party subpoenas, public records requests, and/or depositions by written questions to government officials to establish that the government orders in question were not issued with any knowledge that Plaintiffs' properties or related properties sustained any COVID-19 related physical loss or damage.

Defendants also expect to depose a corporate representative from each Plaintiff associated with their respective policies. For American, this is five corporate representatives.

With respect to expert discovery, Defendants anticipate both sides will retain a virologist or epidemiologist and a materials expert to opine on the extent to which COVID-19 caused physical property damage or loss at the properties. Defendants further anticipate both sides will retain economists to opine regarding Plaintiffs' alleged economic damages and causation. Defendants anticipate taking the deposition of each of Plaintiffs' experts.

### b. The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues

Plaintiffs' Statement: Plaintiffs reiterate their request that limited discovery begin immediately following the Rule 16 case management conference. Defendants' claims of burden associated with production are dubious given the types of documents Plaintiffs seek. Plaintiffs seek the immediate production of their policy documents—documents to which Plaintiffs are entitled under the terms of the Policies and which should be readily available to both Defendants. Additionally, Plaintiffs intend to seek brochures, marketing materials and other explanatory documents related to the Policies, which are also readily available to Defendants.

Defendants' claims that discovery should be stayed because other motions to dismiss have been granted are similarly unconvincing. None of the authorities cited by

Defendants—either in their statement below or in their briefing in support of dismissal—offers an interpretation of identical policies under Arizona law. Indeed, given the split of authority on this issue and Arizona's history of policy interpretation on similar issues, it is unlikely that Defendants' Motions will be granted. *See* Dkt. 25 at 18-29.

Accordingly, Defendants' request for a stay should not be granted.

Defendants' Statement: Defendants propose that other than the exchange of Rule 26(a) Initial Disclosures all discovery be stayed until 14 days after the Court rules upon the pending Motions to Dismiss. There are several rationales supporting this request. *First*, the issues discussed in the Motions to Dismiss are not new. They have already been extensively addressed by hundreds of courts (including the Eighth Circuit), the vast majority of which have dismissed similar lawsuits with prejudice. *See, e.g., Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, __ F.4th __, 2021 WL 2753874 (8th Cir. July 2, 2021); *see also Out W. Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, No. 20-cv-06786-TSH, 2021 WL 1056627, *4 (N.D. Cal. Mar. 19, 2021) ("The overwhelming majority of courts have concluded that neither COVID-19 nor the governmental orders associated with it cause or constitute property loss or damage for purposes of insurance coverage. These decisions have reasoned that the virus fails to cause physical alteration of property because temporary loss of use of property (if any) during a pandemic and while government orders are in effect does not qualify as physical loss or damage."). *Second*, the cost of discovery will be in the hundreds of thousands of dollars. Such expenditures are likely to wind up being unnecessary and wasteful given the general state of the law around the U.S. concerning the absence of property insurance coverage for COVID-19. *Third*, a stay will help focus what discovery, if any, is necessary, thereby more efficiently using the Court and parties' resources. Because the Motions to Dismiss are fully briefed, this will only extend the case schedule out a short period of time.

      **c. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure**

Plaintiffs' Statement: Plaintiffs do not propose any changes to the discovery limits imposed by the Federal Rules of Civil Procedure.

Defendants' Statement: Other than the stay request set forth above, Defendants do not propose any changes to the discovery limits imposed by the Federal Rules of Civil Procedure.

      **d. The number of hours permitted for each deposition, unless modified by agreement of the parties.** *See* **Fed. R. Civ. P. 30(d)(1)**.

Plaintiffs' Statement: Regarding the durational limit of depositions, no deponent shall have to sit for more than a single, seven-hour deposition, regardless of the number of notices served on that deponent, without a Court order or prior agreement by the parties. Rule 30(b)(6) depositions should be treated in accordance with the Federal Rules of Civil Procedure and the Advisory Committee notes.

In light of the spread of the delta strain of COVID-19, Plaintiffs propose that depositions be taken remotely. The Parties should meet and confer as circumstances related to COVID-19 change. Plaintiffs currently anticipate deposing a 30(b)(6) designee for each Defendant, the relevant claims administrators, and other personnel involved with training on and/or the creation of each Defendant's business interruption policy, Plaintiffs reserve all rights to depose additional personnel as discovery continues.

Defendants' Statement: The presumptive durational limit of seven-hours should apply to each noticed deposition by the noticing party. To the extent two parties notice the same deposition, each noticing party would be entitled to seven-hours on the record with the witness, but the second noticing party shall make a reasonable effort to limit overlap in questions previously answered in full by the witness.

13. **Proposed specific dates for each of the following:**

| EVENT | DEFENDANTS' DATE |
|---|---|
| **Rule 26(a) Initial Disclosure Deadline:** | 8/19/2021 |
| **Deadline for Plaintiff's Expert Disclosure Pursuant to Rule 26(a)(2)(A)-(D) on Matters for Which They Bear the Burden of Proof:** | 3/01/2022 |
| **Deadline for Defendants' Expert Disclosure Pursuant to Rule 26(a)(2)(A)-(D) on Matters for Which They Bear the Burden of Proof:** | 3/31/2022 |
| **Rebuttal Expert Disclosure Deadline:** | 4/19/2022 |
| **Deadline for Expert Depositions:** | 6/01/2022 |
| **Deadline for Completion of Fact Discovery:** | 6/01/2022 |
| **Deadline for Good Faith Settlement Talks:** | 7/01/2022 |
| **Deadline to File Dispositive Motions:** | 7/28/2022 |
| **Deadline to File Daubert Motions:** | 7/28/2022 |

14. **Whether a jury trial has been requested and whether the request for a jury trial is contested and, if so, the reasons why the request is contested:**

Plaintiffs' request for a jury trial is uncontested.

15. **The estimated length of trial:**

The Parties anticipate a trial will take approximately 7 business days.

16. **The prospects of settlement, including any request of the Court for assistance in settlement efforts, including referral to a United States Magistrate Judge for the limited purposes of settlement:**

The parties agree that settlement discussions are premature at this time.

Dated this 13th day of July, 2021.

| | |
|---|---|
| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **DLA PIPER (US)** |
| By: *s/Tory Beardsley*<br>Robert B. Carey (SBN 011186)<br>rob@hbsslaw.com<br>E. Tory Beardsley (SBN 031926)<br>toryb@hbsslaw.com<br>11 West Jefferson Street, Ste. 1000<br>Phoenix, Arizona 85003<br>Tel: 602.840.5900<br>Fax: 602.840.3012<br><br>*Attorneys for Plaintiffs* | By: *s/Laura Sixkiller (w/permission)*<br>Laura Sixkiller (SBN 022014)<br>Laura.sixkiller@us.dlapiper.com<br>2525 East Camelback Rd., Ste. 1000<br>Phoenix, Arizona 85016-4232<br>Tel: 480.606.5100<br>Fax: 480.606.5101<br><br>*Attorneys for Defendant The American Insurance Company* |

**ZELLE LLP**

By: *s/ Gabrielle Siskind (w/permission)*
Gabrielle Siskind (pending *pro hac vice*)
gsiskind@zelle.com
SunTrust International Center
45 Broadway, Suite 920
New York, NY 10006
Tel: 646.876.4416

Dan Millea (pending *pro hac vice*)
Dmillea@zelle.com
500 Washington Avenue S., Ste. 4000
Minneapolis, MN 55415
Tel: 612.336.9170
Fax: 612.336.9100

**BURCH & CRACCHIOLO**

Jake Curtis
jcurtis@bcattorneys.com
1850 N. Central Avenue, Ste. 1700
Phoenix, Arizona 85004
Tel: 602.274.7611
Fax: 602.234.0341

*Attorneys for Defendant Greenwich Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2021, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Laura Sixkiller
DLA PIPER (US)
2525 East Camelback Rd., Ste. 1000
Phoenix, Arizona 85016-4232
Laura.sixkiller@us.dlapiper.com

*Attorneys for Defendant*
*The American Insurance Company*

Dan Millea (pending *pro hac vice*)
ZELLE LLP
500 Washington Avenue S., Ste. 4000
Minneapolis, MN 55415
Dmillea@zelle.com

Gabrielle Siskind (pending *pro hac vice*)
ZELLE LLP
45 Broadway, Suite 920
New York, NY 10006
gsiskind@zelle.com

Jake Curtis
BURCH & CRACCHIOLO
1850 N. Central Avenue, Ste. 1700
Phoenix, Arizona 85004
jcurtis@bcattorneys.com

*Attorneys for Defendant*
*Greenwich Insurance Company*

                                                  *s/ Elizabeth E. Gibson*